**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

CLAUDE CLEANTE,

        Plaintiff,

vs.

WYNN CASINO,

        Defendant.

2:13–cv–01932–JCM–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

      Before the court are Plaintiff Claude Cleante's Motion/Application to Proceed *In Forma Pauperis* (#1[1]) and Complaint (#1-1).

### *IN FORMA PAUPERIS* APPLICATION

      Plaintiff Claude Cleante asserts in his application to proceed *in forma pauperis* that he is currently unemployed, has no take home wages, and no money in a checking or savings account. (#1). Plaintiff also asserts that he has no debts or expenses. (*Id.*) Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

### LEGAL STANDARD

      Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a

---

[1] Parenthetical citations refer to the court's docket.

1

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

## DISCUSSION

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 is to enable the court to determine whether the plaintiff has stated "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Rule 8(a)(2) pleading standard does not require detailed factual allegations. *Id*. at 678. However, to state "a plausible claim for relief," a complaint must contain both sufficient factual allegations (*i.e.*, names, dates, and facts) and legal conclusions (*i.e.*, specific laws defendants allegedly violated) that create a reasonable inference of liability. *See Iqbal*, 556 U.S. 662, 678–79. In other words, a complaint that merely offers "labels and conclusions" will be dismissed. *Id*.

Cleante's complaint fails to satisfy Rule 8's standard for five reasons. First, the complaint does not provide any jurisdictional basis explaining why Cleante's case should be heard in federal court. (*See generally* Compl. (#1-1) at 1–6). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also* 28 U.S.C. § 1331; 28 U.S.C. § 1332. Limited

jurisdiction means that federal courts: (1) possess only that power authorized by the Constitution or a specific federal statute, *see id*. (citation omitted), and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sites. *See* U.S. CONST. art. III, § 2, cl. 1. The burden of proving jurisdiction rests on the party asserting jurisdiction, *see McNutt v. Gen. Motors Acceptance Corp*., 298 U.S. 178, 182-183 (1936), and the U.S. Supreme Court has long directed lower courts to presume that they lack jurisdiction. *Turner v. Bank of North Am.*, 4 U.S. 8, 11, 4 Dall. 8, 11 (1799). Under Federal Rule of Civil Procedure 12(h)(3), the court must dismiss any action as soon as it determines that the court's jurisdictional requirements have not been met.

Second, the complaint does not state any causes of action against Wynn Casino. Article III of the U.S. Constitution provides that federal courts may only exercise jurisdiction over cases or controversies. *See* U.S. CONST. art. III, § 2, cl. 1. A fundamental precondition for a case or controversy is that the Plaintiff must allege she has suffered "an injury in fact," meaning that Defendant violated some law or deprived him of some federally protected right. *See generally Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *see also Coffman v. Breeze Corp*., 323 U.S. 316, 322 (1945) (stating that the failure to state a cause of action presents no case or controversy within the judicial power of the United States). Cleante's complaint does not do this. Rather, it consists of five pages, two of which are duplicates, that do not identify the relevant parties or provide an inkling of what the alleged dispute is about, other than the fact the Wynn failed to follow its own protocols when it suspended an unidentified employee. (*See* Compl. (#1-1) at 2.)

Third, aside from the caption, the complaint does not identify who the parties are in Cleante's proposed complaint. In federal court, there are at least two reasons why a complaint must identify the relevant parties. On the one hand, the Constitution's case or controversy requirement demands a live dispute between two opposing parties. *See generally Lujan*, 504 U.S. 555 (1992). On the other hand, the complaint must identify the parties so the court can determine whether it may exercise jurisdiction over

the named individuals. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) (discussing federal court's limited power of personal jurisdiction).

Fourth, the complaint does not provide a short and plain statement of the facts of Cleante's case as required by Rule 8. *See* FED. R. CIV. P. 8(a)(2). Cleante's complaint does include five pages, which appear to generally discuss the facts of his case. However, the first page is a summary of a Nevada appellate case and the second and third pages are duplicates of one another that, like the fourth and fifth pages, do not provide an inkling of what the alleged dispute is about, other than the fact the Wynn failed to follow its own protocols when it suspended an unidentified employee. (*See* Compl. (#1-1) at 2.) Rule 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. This means that complaints cannot merely offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. The Supreme Court has stated that the facts alleged in a complaint must be "plausible." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Fifth, the complaint does not state what relief Cleante seeks. *See* FED. R. CIV. P. 8(a)(3) (stating that the complaint must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief").

In sum, the court finds that Cleante's complaint should be dismissed with leave to amend. As discussed above, Cleante's complaint must identify five things: (1) a jurisdictional basis; (2) causes of action; (3) parties to the action; (4) the underlying facts giving rise to Cleante's claim for relief; and (5) a description of the relief sought.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint.

IT IS FURTHER ORDERED that Plaintiff must file an amended complaint in accordance with the provisions set forth in this order by November, 27 2013. Failure to do so will result in the dismissal of the complaint with prejudice. Plaintiff is advised that under Local Rule 15-1 any amended complaint that is filed with the court must be complete in itself without reference to prior filings. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

**RECOMMENDATION**

IT IS RECOMMENDED that Plaintiff Claude Cleante's Complaint (#1-1) is DISMISSED WITHOUT PREJUDICE.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues

///

///

///

5

from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 28th day of October, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE